IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CASIE MEYER                                                    PLAINTIFF

v.                                          Civil No. 1:13-cv-443-JCG

CHARLES TURNER                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ATTORNEY FEES

BEFORE THE COURT is Plaintiff Casie Meyer's Motion for Summary Judgment and Attorney Fees [41]. Defendant Charles Turner has filed a Response [43] and Plaintiff a Reply [44]. Having fully considered the Motion, relevant law, and the record, the Court finds that Plaintiff's Motion for Summary Judgment and Attorney Fees should be granted as follows.

## I. BACKGROUND

Plaintiff, a resident of Bay St. Louis, Mississippi, has filed a Complaint against Defendant, a New Jersey attorney who practices in debt collection. Defendant is representing himself in this matter. Plaintiff maintains that Defendant violated numerous sections of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), in connection with efforts to collect a consumer debt for telephone services allegedly owed by Plaintiff. The focus of this litigation is a debt collection letter dated December 20, 2012, from Defendant to Plaintiff. The letter was Defendant's only communication with Plaintiff. The letter provides:

Client: Cellular South
Amount Due: $138.00

Dear CASIE MEYER

YOU ARE HEREBY ADVISED of your issuance of the above-captioned fraudulent check(s) which were returned unpaid by your financial institution.

This matter was previously placed with a collection agency that made numerous unsuccessful attempts at resolution. This is a serious matter involving possible violation of state law and will be your last opportunity for amicable resolution.

Please remit immediate payment of the total amount due. Please be guided accordingly,

Charles I. Turner

*We are debt collectors. This letter is an attempt to collect a debt, and any information will be used for that purpose.

Letter [42-3].

## II.  DISCUSSION

A.  Legal Standard

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial.  Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v.*

*Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  In evaluating a summary judgment motion, the Court must construe "all facts and inferences in the light most favorable to the nonmoving party."  *McFaul v. Valenzuela,* 684 F.3d 564, 571 (5th Cir. 2012).

As movant, Plaintiff bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which she believes demonstrate the absence of a genuine issue of material fact.  *Celotex,* 477 U.S. at 323-25.  If Plaintiff carries this burden, the burden shifts to Defendant to show that summary judgment should not be granted.  *Id.* at 324-25.  Defendant may not rest upon mere allegations but must set forth specific facts showing the existence of a genuine issue for trial.  *Abarca v. Metro. Transit Auth.,* 404 F.3d 938, 940 (5th Cir. 2005).  This requires Defendant "to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his" position.  *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998).  "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence."  *McFaul,* 684 F.3d at 564.

B.    Federal Fair Debt Collection Practices Act

"The purpose of the [FDCPA] is to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *McMurray v. ProCollect, Inc.,* 687 F.3d 665, 668 (5th Cir.2012) (quoting 15 U.S.C. § 1692(e)).  "To prevail on a claim for civil liability pursuant to the FDCPA, a plaintiff

'must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Neel v. Fannie Mae,* No. 1:12cv311-HSO-RHW, 2014 WL 977328, *9 (S.D. Miss. Mar. 12, 2014)(citing *Sibley v. Firstcollect, Inc.,* 913 F. Supp. 469, 471 (M.D. La. 1995)).

The FDCPA has been called a strict liability statute.  Manuel H. Newburger and Barbara M. Barron, Fair Debt Coll. Prac. at ¶ 1.06[5][B](collecting cases including *Taylor v. Perrin, Landry, deLaunay and Durand,* 103 F.3d 1232, 1236 (5th Cir. 1997)).  This is so because "the fact that violations were innocuous and not abusive may be considered only in mitigating liability, and not as defenses to the Act."  *Taylor,* 103 F.3d at 1239; *see Lee v. Credit Mgmt., LP,* 846 F. Supp. 716, 722 (S.D. Tex. 2012)("a consumer need not prove intentional conduct by the debt collector").  "[T]he degree of a defendant's culpability may be considered only in computing damages."  Fair Debt Coll. Prac. at ¶ 1.06[5][B].

The standard by which an alleged violation of the FDCPA will be judged is an objective one – whether an unsophisticated or least sophisticated consumer would tend to be deceived.  *McMurray,* 687 F.3d at 669.  "A consumer need not actually be deceived as long as he or she can show that the debt collectors conduct would have been deceptive to the least sophisticated (or unsophisticated) consumer."  Fair Debt Coll. Prac. at ¶ 1.01[2].  "A single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA."  *Taylor,* 103 F.3d at 1238.

1.  Collection Activity Arising from Consumer Debt

Plaintiff has satisfied the first element of her FDCPA claims by establishing that Plaintiff has been the object of collection activity arising from consumer debt. Defendant admits that "[o]n December 20, 2012, Defendant sent Ms. Meyer a letter in an attempt to collect a consumer debt allegedly owed by Ms. Meyer." Compl. [1] at ¶ 5; Answer [9] at ¶ 5. Defendant admits that he "was attempting to collect $138.00 from Plaintiff on an original balance of $31.00 allegedly owed to Cellular South." Compl. [1] at ¶ 8; Answer [9] at ¶ 8. Plaintiff's Affidavit provides that the telephone services that are the basis of the alleged debt were for Plaintiff's personal use. Pl.'s Aff. [42-7] at ¶ 5.

2.  Defendant is a Debt Collector

Plaintiff has also satisfied the second element of her FDCPA claims because she has shown that Defendant is a debt collector. "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Defendant stipulates that he is "a New Jersey attorney practicing primarily in debt collection." Compl. [1] at ¶ 3; Answer [9] at ¶ 3. Defendant admits that he is currently employed "as an in-house attorney for a collection agency that attempts to collect consumer debts." Pl's Resp. to Req. for Admis. [42-1] at ¶ 3. Defendant acknowledges that his "professional occupation as an attorney is representing a collection agency that

attempts to collect on debts." *Id.* at ¶ 9.  Defendant's December 20, 2012, letter to Plaintiff, on the letterhead of Charles I. Turner, Esq., contains the following disclosure: "We are debt collectors.  This letter is an attempt to collect a debt, and any information will be used for that purpose."  Letter [42-3].

    3.  <u>Asserted FDCPA Violations</u>

        a.  <u>15 U.S.C. §1692g</u>

The FDCPA requires debt collectors to provide the following information to consumers within five days of the debt collector's initial communication: (1) "the amount of the debt"; (2) "the name of the creditor to whom the debt is owed"; (3) a statement that unless the consumer "disputes the validity of the debt" within 30 days, the debt collector will assume the debt is valid; (4) a statement that if the consumer notifies the collector that the consumer is disputing the debt in writing within the 30 day period, "the debt collector will obtain verification of the debt [from the creditor] ... and a copy of [the] verification ... will be mailed to the consumer"; and (5) "a statement that, upon the consumer's written request," the debt collector will give the consumer "the name and address of the original creditor, if different from the current creditor."  *McMurray,* 687 F.3d at 668 (quoting 15 U.S.C. § 1692g(a)).

There is no evidence in the record that Defendant provided Plaintiff the requisite debt validation information within five days of Defendant's initial communication with Plaintiff.  Ex. D [42-4] at 5-7.  The December 12, 2012, letter – Defendant's only communication with Plaintiff – does not contain the debt validation

notice.  Defendant produced letters from another attorney to Plaintiff concerning the alleged debt, and these letters also do not contain a debt validation notice.  On this record, the Court finds that Defendant violated 15 U.S.C. §1692g by not providing the required validation notice.  *Gonzalez v. Kay,* 577 F.3d 600, 606 (5th Cir. 2009).

> b. <u>15 U.S.C. §1692e</u>

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Although the terms "false, deceptive, or misleading" are not limited to those practices specifically enumerated in § 1692e of the Act, that section lists sixteen categories of prohibited practices.  Section 1692e(7) prohibits "[t]he false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer."  15 U.S.C. § 1692e(7).  Plaintiff maintains that Defendant violated § 1692e(7) by falsely representing that Plaintiff issued "fraudulent checks" to Cellular South.  Letter [42-3].

In interpreting 15 U.S.C. § 1692e(7), the Federal Trade Commission has stated that "[a] debt collector may not falsely allege that the consumer has committed fraud," as this infers "an intent to disgrace the consumer."  Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50099, 50106 (Fed. Trade Comm'n Dec. 13, 1988).  "By calling into question a debtor's honesty and good intentions simply because a check was dishonored, a collection letter may be making a statement that is false or

misleading to the unsophisticated consumer." *McMillan v. Collection Prof'ls, Inc.,* 445 F.3d 754, 762 (7th Cir. 2006).

Defendant states that his basis for accusing Plaintiff of fraud is a "copy of [an] enclosed check that was returned for insufficient funds." Pl.'s Resp. to Interrogs. [42-2] at ¶ 5. Accusing Plaintiff of fraud based upon only a returned check was a false, deceptive, and misleading representation that violated § 1692e(7).

      c. <u>15 U.S.C. §1692f</u>

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Although the terms "unfair" and "unconscionable" are not limited to those practices specifically enumerated in § 1692f of the Act, that section lists eight categories of prohibited practices. One specifically prohibited practice under § 1692f is "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

Plaintiff maintains that Defendant violated § 1692f(1) by attempting to collect $100.00 in collection charges that were never authorized by the agreement creating the debt. Pl.'s Mem. [42] at 14. While Defendant contends that "[t]he $100 in fees for the Accredited Collection Agency is an agreed upon amount with their client Cellular South," the Affidavit of Cellular South d/b/a C Spire's Senior Manager, Revenue Assurance, is clear that Cellular South retained neither Accredited Collection Agency or Charles Turner. Warren Aff. [42-5] at ¶¶ 2-4. A "Debtor

-8-

Profile" produced by Defendant himself in discovery indicates that Certegy was the client. Doc. [42-4]. According to Plaintiff, "Certegy is a guarantee service formerly used by Cellular South." Pl.'s Mem. [42].

Defendant has offered his own unsupported assertion but no proof that the $100.00 in collection charges were "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Based on this record, the Court finds that Defendant violated § 1692f(1).

    4. <u>Defendant's Alleged Defenses</u>

Defendant submits that summary judgment in favor of Plaintiff should not be granted "as necessary parties, such as Cellular South and Certegy are [sic] need to be included in this action." Def.'s Resp. [43] at 2. Defendant's argument consists of a one-sentence conclusion. Defendant has failed to explain or adduce legal support for his argument that Cellular South and Certegy are necessary parties.

Defendant maintains that summary judgment in favor of Plaintiff must be denied because Plaintiff has not provided proof of actual damages. Def.'s Resp. [43] at 2. Plaintiff is not seeking actual damages. Pl.'s Reply [44] at 2. "[S]everal Courts of Appeal have . . . concluded that consumers may recover statutory damages for violations of the FDCPA even in the absence of any 'actual' damages." *Abernathy v. NCC Bus. Servs., Inc.,* No. 2:11-cv-219-SA-SAA, 2012 WL 4320810, \*3 (N.D. Miss. Sept. 18, 2012)(citing decisions from the Second, Sixth, Seventh, Ninth, and Tenth Circuit Courts of Appeal). Plaintiff has presented no contrary authority.

Defendant asserts that he "relied on the document and statement supplied by his clients and or those he believed to be his clients" and "at no time did he intentionally [seek] to pursue a fraudulent claim against the Plaintiff."  Def.'s Resp. [43] at 2.  The FDCPA contains a "bona fide error" defense:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c).

To prevail on this defense, the debt collector must prove, by a preponderance of the evidence that (1) the violation was not intentional; (2) the violation resulted from a bona fide error; and (3) the violation occurred despite the maintenance of procedures reasonably adapted to avoid any such error.  *Vick v. NICO Fin. Servs.,* No. 2:09cv114-TJW-CE, 2011 WL 1195941, (E.D. Tex. Mar. 7, 2011).  The summary judgment evidence reflects no basis for concluding that Defendant's accusation of fraud was unintentional or that it resulted from a bona fide error.  Even if Defendant had shown an unintentional error, the bona fide error defense is not available to him because he has not made the required showing of "maintenance of procedures reasonably adapted to avoid" the FDCPA violations at issue.  15 U.S.C. § 1692k(c).

5.  Damages

The FDCPA provides that any debt collector who fails to comply with the FDCPA with respect to any person is liable to such person for (1) any actual

-10-

damages sustained by the person as a result of such failure; (2) statutory damages as the Court may allow, but not exceeding $1,000; and (3) the costs of the action, together with a reasonable attorney fee as determined by the Court.  15 U.S.C. § 1692k.  Plaintiff seeks $1,000 in statutory damages, $195.35 in costs, and $15,480.00 in attorney fees.  Pl.'s Mem. [42] at 17.

　　　　a.  Statutory Damages

In determining the amount of statutory damages to award, a court considers "the frequency and persistence of noncompliance by the debt collector, the nature of the noncompliance, and the extent to which the noncompliance was intentional."  15 U.S.C. § 1692k(b)(1).  Plaintiff has established that Defendant violated several provisions of the FDCPA in connection with efforts to collect a consumer debt allegedly owed by Plaintiff.  Based upon the number of violations and the nature of noncompliance, the Court finds that Plaintiff should be awarded $1,000.00 in statutory damages.

　　　　b.  Costs and Attorney Fees

The FDCPA provides for an award of costs and attorney fees to the successful consumer.

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –
> . . .
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a).

By recovering statutory damages, Plaintiff is deemed successful, as required by 15 U.S.C. § 1692k(a)(3).  *Serna v. Law Office of Joseph Onwuteaka, P.C.,* 614 F. App'x 146, 159 (5th Cir. 2015)(citing *Johnson v. Eaton,* 80 F.3d 148, 151 (5th Cir. 1996)).  Plaintiff seeks $195.35 in costs and $15,480.00 in attorney fees.

Plaintiff's request for $195.35 in costs will be denied because pro hac vice admission fees, fees by private process servers, and mailing costs are not recoverable as costs.  *JGT, Inc. v. Ashbritt,* No. 1:09cv380-WJG-JMR, 2011 WL 1323410, *8 (S.D. Miss. Apr. 5, 2011).

In support of her Motion for attorney fees, Plaintiff submits her attorney billing file, which provides an account of services rendered, time expended, and the amount billed.  She also provides survey data on average hourly rates for attorneys in California, where her counsel is located, and other regions of the country, including Mississippi.  Plaintiff's attorney has provided a declaration in which he states that his rate in this action is $300 per hour and that local counsel is contracted by his office at a rate of $300 per hour.  Amador Decl. [42-15].  According to the billing file from her counsel, Plaintiff was billed for attorney time at the rate of $300 per hour and for "Paralegal/Staff" time at the rate of $50 per hour.  These rates are not outside the realm of those charged for litigation services in this community.  *See Green v. Adm'rs of the Tulane Educ. Fund,* 284 F.3d 642, 662 (5th Cir. 2002) (reasonable hourly rates are determined by looking to the prevailing market rates in the relevant legal community); *Tollett v. City of Kemah,* 285 F.3d 357, 368 (5th Cir. 2002) (relevant legal community is the community in which the

district court sits); *Meyer v. Accredited Collection Agency, Inc.,* No. 1:13cv444-LG-JCG, Default J. [18] (Aug. 14, 2014)(finding attorney rate of $300 per hour reasonable in FDCPA case).

Defendant's Response makes no challenge to the reasonableness of the amount of time Plaintiff's counsel maintains was expended on this case.[1]  Having considered attorney skill, the customary fee in the community, and the results obtained, the Court finds the hours and rate charged are reasonable and that Plaintiff should be awarded $15,480.00 in attorney fees.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Casie Meyer's Motion for Summary Judgment and Attorney Fees [41] is **GRANTED**. Plaintiff is awarded $1,000.00 in statutory damages and $15,480.00 in attorney fees. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 18th  day of November, 2015.

*s / John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE

---

[1]Defendant's only challenge to the amount of attorney fees sought is the following two-sentence excerpt from his Response: "In addition Plaintiff has failed to show that his fees are reasonable under Mississippi law.  None of the cases cited on pages 20 and 21 of his moving papers come from a court in Mississippi."  Def.'s Resp. [43] at 3.